CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 25, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **SUSAN MARIE GIBAS,** ) | |
| ) | |
|   Appellant, ) | Case No. 7:24-CV-00136 |
| ) | |
| v. ) | Hon. Robert S. Ballou |
| ) | United States District Judge |
| **CHRISTOPHER T. MICALE,** ) | |
| ) | |
|   Appellee. ) | |

## MEMORANDUM OPINION

Susan Marie Gibas, proceeding *pro se*, appeals an order of the United States Bankruptcy Court for the Western District of Virginia dismissing her Chapter 13 petition and imposing a 180-day bar on filing a new petition. For the reasons below, the Bankruptcy Court's order is **AFFIRMED.** and her appeal, Case No. 7:24-cv-000136, is **DISMISSED.**

### I.   Background

Gibas filed a Chapter 13 petition through her counsel, Bryan Palmer, on November 8, 2023. Case No. 23-70730, Dkt. 1. Palmer subsequently filed the required Certificate of Credit Counseling, *id.* at Dkt. 2, Schedules, *id.* at Dkt. 9, and a Chapter 13 Plan, *id.* at Dkt. 10. On December 7, 2023, creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing, filed an objection to confirmation of the Chapter 13 plan. *Id.* at Dkt. 16. Similarly, on December 18, 2023, Appellee Christopher Micale filed a similar objection and moved to dismiss the petition. *Id.* at Dkt. 19. The Court set the confirmation hearing for February 5, 2024.

On January 7, 2024, Gibas filed a letter terminating Palmer as her attorney. *Id.* at Dkt. 21. She subsequently filed two affidavits. The first asserts that, among other things, JPMorgan Chase Bank National Association is "an in-active, non-existent entity" and "is not entitled to foreclose on anyone." *Id.* at Dkt. 23. The second purports to appoint Judge Paul M. Black as her trustee. *Id.* at Dkt. 24.

On January 8, 2024, the Bankruptcy Court ordered Gibas to "provide the trustee with crypto account statements by January 22, 2203 [sic], failing which [Gibas] shall appear at the continued hearing [on February 5, 2024] and show cause why the case should not be dismissed." On January 11, 2024, the Court entered a second order stating, "[g]iven [Gibas's] apparent inability or unwillingness to function within the requirements of the Bankruptcy Code and Bankruptcy Rules, including her responsibilities as an unrepresented party under Bankruptcy Rule 9011, pursuant to 11 U.S.C. §§ 1307(c) and 105(a), [Gibas] is directed to appear and show cause why this case should not be dismissed with a bar to relief for 180 days, with a hearing to be held on February 5, 2024." *Id.* at Dkt. 25.

During the show cause hearing, Judge Black dismissed Gibas's petition and imposed a 180-day bar on refiling. *Id.* at Dkt. 32. The Clerk entered an order on January 6, 2024 explaining that when addressing the Court, "the Debtor was verbally combative, insisting that she has a right to counsel." The order continued, "[g]enerally, a civil litigant has no right to counsel, and bankruptcy is not a constitutional right. [Gibas] has no constitutional right to court appointed counsel….Thus, upon notice and hearing to consider whether to dismiss this case and impose conditions and for good cause shown, it

is ORDERED that this case and all related pending motions and adversary proceedings arising therein, unless on appeal, are hereby **DISMISSED. Pursuant to 11 U.S.C. § 349, it is further** ORDERED that **Susan Marie Gibas is hereby prohibited from filing a new petition in this Court under any Chapter for a period of 180 days from the date of this Order.**" *Id.* (emphasis in original). Gibas now appeals this order.

## II. Standard of Review

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When reviewing a bankruptcy court's decision, "a district court functions as an appellate court and applies the standards of review in federal courts of appeal." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (internal quotation marks and citation omitted). A district court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004) (emphasis added). Clear error exists when a district court "is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). When a case involves questions of law and fact, a district court "reviews findings of fact under the clearly erroneous standard and reviews *de novo* the legal conclusions derived from those facts." *Patterson*, 636 B.R. at 662 (citing *Gilbane Bldg. Co. v. Fed. Rsv. Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 905 (4th Cir. 1996)).

## III. Analysis

### A. Gibas's Bankruptcy Petition Was Properly Dismissed

3

I find that the Gibas's bankruptcy petition was properly dismissed for failure to comply with the Bankruptcy Court's orders and rules. 11 U.S. Code § 105(a) grants the Bankruptcy Court authority to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Here, Gibas repeatedly violated the court's orders and filed improper affidavits. Accordingly, the Bankruptcy Court acted within its discretion under 11 U.S.C. § 105(a) by dismissing her petition.

Gibas's primarily asserts that dismissal was improper because the Bankruptcy Court refused to appoint her counsel. However, there is no right to counsel in civil matters. *See Cody v. Micale*, 2019 WL 2438792, at *2 (W.D. Va. June 11, 2019). To be sure, under 28 U.S.C. § 1915 (d), a court has discretion to appoint counsel for an indigent party in exceptional cases. But this is not an exceptional case. Gibas has paid the filing fee and has not alleged indigency. Moreover, Gibas previously had counsel and then fired him. Thus, the Bankruptcy Court's decision not to appoint counsel was not an error and does not warrant reversing the dismissal.

      B.  The Bankruptcy Court Did Not Abuse Its Discretion By Imposing a 180 Day Bar on Filing Successive Bankruptcy Petitions

Gibas also challenges the Bankruptcy Court's decision to bar her from filing additional bankruptcy petitions for 180 days. She argues primarily that the bar is impermissible because the Court imposed the bar sua sponte.[1] Upon review of the record, I find that the Bankruptcy Court did not abuse its discretion by imposing the filing bar.

---

[1] The Court in its show cause order gave Gibas notice that it was considering not only a dismissal of her bankruptcy petition, but also a bar to relief of 180 days.

4

11 U.S.C. § 109(g) provides that "no individual…may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case…." Here, Gibas's bankruptcy petition was dismissed for failure to comply with a bankruptcy court order and for failure to comply with the Bankruptcy Court rules. As a result, it was within the Bankruptcy Court's authority under 11 U.S.C. § 109(g).[2,3]

### IV. Conclusion

For the reasons stated herein, the Bankruptcy Court's dismissal is **AFFIRMED** and Gibas's appeal is **DISMISSED**.

Entered:  October 25, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[2] In its dismissal order, the Bankruptcy Court cited 11 U.S. C. § 349(a) as the basis for implementing the 180-day filing bar. It is unclear from the record whether Gibas's conduct was sufficiently abusive as to warrant sanction under 11 U.S.C. § 349 (a). *See In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997). However, because the Court had discretion to impose a 180 day bar under 11 U.S.C. § 109(g), I affirm the Court's decision to implement the filing bar.

[3] I note that Ms. Gibas's challenge to the 180-day bar is effectively moot, because the prohibition has expired and Ms. Gibas has now been permitted to file a second bankruptcy petition. Case No. 24-70799, Dkt. 8.